LAW OFFICES OF JOHN L. FALLAT
JOHN L. FALLAT (State Bar No. 114842)
jfallat@fallat.com
MARK A. VAUGHN (State Bar No. 241228)
mvaughn@fallat.com
999 Fifth Avenue, Suite 590
San Rafael, CA 94901-2994
Telephone: (415) 457-3773
Facsimile: (415) 457-2667

Attorney for Plaintiff
GREAT AMERICAN INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MEGATRUX, INC., a California corporation, CHARLES PELLE, an individual, BRYAN PELLE, an individual, FREIGHT FUNDING, LLC, a business entity form unknown, BAXTER BAILEY & ASSOCIATES, a business entity form unknown, ADRIAN TRUCKING, INC. , a business entity form unknown, GO TO LOGISTICS, a business entity form unknown, TONE TRANSPORT COMPANY, a business entity form unknown, 88 TRANSPORTATION, INC., a business entity form unknown, M&A TRAILER REPAIR, a business entity form unknown, SERVICE TRANSPORT INCORPORATED, a business entity form unknown, GRAND EXPRESS CORP. , a business entity form unknown, CONCEPT FINANCIAL GROUP, INC., a business entity form unknown, MIDWEST TRANSPORT AND TRUCKING, INC. , a business entity form unknown, CORELOGIC, a business entity form unknown, MOUNTAIN MOVERS TRANSPORTATION AND | Case No.: 2:14-CV-06952<br><br>**COMPLAINT IN INTERPLEADER, WRITTEN CONTRACTUAL INDEMNITY, STATUTORY INDEMNITY, EQUITABLE INDEMNITY, TORT OF ANOTHER, AND DECLARATORY RELIEF** |

LOGISTICS, a business entity form unknown, YHL LOGISTICS, a business entity form unknown, SENN FREIGHT LINES, INC., a business entity form unknown, US UZ ALPOMISH, LLC, a business entity form unknown, CASTLE PEAK CARRIERS 88, a business entity form unknown, EAGLE VAN LINES, a business entity form unknown, ESA TRANSPORTATION, a business entity form unknown, SPEED TRANSPORT, LLC, a business entity form unknown, FIRSTLINE FUNDING GROUP, a business entity form unknown, BALKAN EXPRESS, LLC, a business entity form unknown, AL-EX TRANSPORTATION, a business entity form unknown, P&A TRANSPORTATION, INC., a business entity form unknown, RJ TRANSPORTATION, LLC, a business entity form unknown, DOC TRANSPORTATION, a business entity form unknown, RTF EXPRESS, INC., a business entity form unknown, GROUP ONE, INC., a business entity form unknown, L.M.T. TRANSPORT, INC., a business entity form unknown, SUNBELT FINANCE, INC., a business entity form unknown, EVA EXPRESS, INC., a business entity form unknown, RAM TRANSPORTATION, INC., a business entity form unknown, 9 EXPO, INC., a business entity form unknown, M POWER LOGISTICS, INC., a business entity form unknown, THE DB7 COMPANY, LLC, a business entity form unknown, QUICK KING LOGISTICS CORP, a business entity form unknown, N-JOHNNY CORP, a business entity form unknown, ADVANCED TRANSPORTATION, INC., a business entity form unknown, S&K TRANSGROUP, INC., a business entity form unknown, THOMAS AND SONS DISTRIBUTORS, a business entity form unknown, NATIONAL BANKERS TRUST, a business entity form unknown, AEROFUND FINANCIAL, a business entity form unknown, SIMON TRANSPORT, a business entity form unknown, ASSIST FINANCIAL SERVICES, a business entity form unknown, MVP TRANS,

INC., a business entity form unknown,
JL FREIGHT LINE, LLC, a business
entity form unknown, FIRST WEST
EXPRESS, INC., a business entity
form unknown, AVE TRANSPORT,
INC., a business entity form unknown,
DDM LOGISTICS, a business entity
form unknown, LJ EXPRESS
TRUCKING COMPANY OF
CALIFORNIA, LLC, a business entity
form unknown, CENTURY FINANCE,
LLC, a business entity form unknown,
TERRY TRUCKING, INC., a business
entity form unknown, ZILIAN
EXPRESS, INC., a business entity
form unknown, INTERSTATE
CAPITAL, a business entity form
unknown, CROSSWORLD
LOGISTICS, a business entity form
unknown, HAULSMART
TRANSPORTATION, LLC, a business
entity form unknown, VSV
LOGISTICS, INC., a business entity
form unknown, GREEN LIGHT
TRANSPORTATION, INC., a
business entity form unknown,
FORTUNE 88 TRANSPORTATION, a
business entity form unknown, MBT
TRANSPORT, INC., a business entity
form unknown, WALNUT HILL
TRANSPORT, a business entity form
unknown, L&J TRANSPORTATION
COMPANIES, INC., a business entity
form unknown, MERRELL
TRANSPORT, a business entity form
unknown, NORTH AMERICAN
CARRIERS, a business entity form
unknown, RAPID RESPONSE, a
business entity form unknown,
LUBENOW EXPRESS, LLC, a
business entity form unknown, S.E.S.
TRANSPORTATION, LLC, a business
entity form unknown, TRIPLE THREE
GROUP, INC., a business entity form
unknown, ROADRUNNER
TRANSPORTATION, a business
entity form unknown, ROAD LINK
EXPRESS, a business entity form
unknown, GLOBAL TRANSPORT
LOGISTICS, a business entity form
unknown, OLYMPIC TRANSFER
CORPORATION, a business entity
form unknown, LOGIX
TRANSPORTATION, a business
entity form unknown, BLACKJACK
EXPRESS, INC., a business entity
form unknown, JMR TRANSPORT

1   ,INC., a business entity form unknown, )
    FRED HAINES AND CO., INC., a )
2   business entity form unknown, )
    SECURITY CREDIT )
3   CORPORATION, a business entity )
    form unknown, LUCKY RIDE, a )
4   business entity form unknown, SAM )
    KOCH & SONS TRUCKING, INC., a )
5   business entity form unknown, )
    OWNER OPERATORS )
6   INDEPENDENT DRIVERS )
    ASSOCIATION, a business entity form )
7   unknown, and DOES 1 through 10, )
    inclusive, )
8                                              )
                    Defendants.               )
9   _____ )

10

11          Comes the Plaintiff, Great American Insurance Company ("GAIC"), by

12   counsel, and for its Complaint for Interpleader against the Interpleader Defendants

13   ( see caption, collectively referred to as the "Interpleader Defendants"), and the

14

15   Indemnity Defendants, Megatrux, Inc., Charles Pelle, and Bryan Pelle (collectively

16   referred to as the "Indemnitors") and states the following:

17

18

19                               **JURISDICTION**

20

21          1.     Jurisdiction is conferred on this Court pursuant to 49 U.S.C. §14704 for

22   actions relating to motor carrier broker bonds and 28 U.S.C. § 1352 which gives

23   Federal District Courts original jurisdiction of any action on a bond executed

24

25   under any law of the United States.

26

27

28

## GENERAL ALLEGATIONS

(Against All Defendants)

2.     At all times herein mentioned, plaintiff GREAT AMERICAN INSURANCE COMPANY (hereinafter "GAIC") was and is a corporation organized and existing under the laws of Ohio and is authorized to conduct surety business in the State of California.

3.     The plaintiff is the surety on a $75,000.00 transportation bond, bond no. 2410125, in favor of the United States of America for the use and benefit of any and all motor carriers or shippers to whom may be legally liable for damages as described in said Bond, wherein defendant Megatrux, Inc. (hereinafter "Megatrux") is named as principal, with its principal place of business in Rancho Cucamonga, California (the bond was filed with the Federal Motor Carrier Safety Administration and is not in the possession of the plaintiff).

4.     Plaintiff is informed and believes and thereon alleges that defendant CHARLES PELLE (hereinafter "CP") is an individual residing in the State of California and is a personal indemnitor on the bond.

5.     Plaintiff is informed and believes and thereon alleges that defendant BRYAN PELLE (hereinafter "BP") is an individual residing in the State of California and is a personal indemnitor on the bond.

6.    Plaintiff is informed and believes and thereon alleges that the remaining defendants are businesses and individuals in the trucking business or related thereto. Each remaining defendant is a claimant on the bond issued to MEGATRUX.

7.    Plaintiff is informed and believes and thereon alleges that each claimant has a claim on the bond in the following amounts. Please note that the claim amounts may change as claimants are paid by defendant Megatrux, or assign their claims to other parties. The claim amounts are: FREIGHT FUNDING, LLC ($23,725.00), BAXTER BAILEY & ASSOCIATES ($61,979.00), GO TO LOGISTICS ($1,650.00), ADRIAN TRUCKING, INC. (unknown), TONE TRANSPORT COMPANY ($2,235.00), 88 TRANSPORTATION, INC. ($7,435.00), M&A TRAILER REPAIR ($12,975.00), SERVICE TRANSPORT INCORPORATED ($3,800.00), GRAND EXPRESS CORP.  ($3,705.00), CONCEPT FINANCIAL GROUP, INC. ($5,580.00), MIDWEST TRANSPORT AND TRUCKING, INC. ($4,000.00), CORELOGIC ($31,200.00), MOUNTAIN MOVERS TRANSPORTATION AND LOGISTICS ($10,486.00), YHL LOGISTICS ($400.00), SENN FREIGHT LINES, INC. ($5,750.00), US UZ ALPOMISH, LLC ($5,500.00), CASTLE PEAK CARRIERS 88 ($5,970.10), EAGLE VAN LINES ($14,460.00), ESA TRANSPORTATION ($3,100.00), SPEED TRANSPORT, LLC ($4,850.00), FIRSTLINE FUNDING GROUP

($1,800.00), BALKAN EXPRESS, LLC ($5,200.00), AL-EX TRANSPORTATION ($1,850.00), P&A TRANSPORTATION, INC. ($3,600.00), RJ TRANSPORTATION, LLC (Unknown), DOC TRANSPORTATION ($22,450.00), RTF EXPRESS, INC. ($900.00), GROUP ONE, INC. ($2,550.00), L.M.T. TRANSPORT, INC. ($2,700.00), SUNBELT FINANCE, INC. ($4,705.55), EVA EXPRESS, INC. ($5,600.00), RAM TRANSPORTATION, INC. ($2,100.00), 9 EXPO, INC. ($4,500.00), M POWER LOGISTICS, INC. (Unknown), THE DB7 COMPANY, LLC ($2,000.00), QUICK KING LOGISTICS CORP ($5,750.00), N-JOHNNY CORP ($4,500.00), ADVANCED TRANSPORTATION, INC. ($2,450.00), S&K TRANSGROUP, INC. ($13,200.00), THOMAS AND SONS DISTRIBUTORS ($9,750.00), NATIONAL BANKERS TRUST ($7,950.00), AEROFUND FINANCIAL (Unknown), SIMON TRANSPORT ($3,200.00), ASSIST FINANCIAL SERVICES ($6,000.00), MVP TRANS, INC. ($41,164.00), JL FREIGHT LINE, LLC ($2,050.00), FIRST WEST EXPRESS, INC. ($4,000.00), AVE TRANSPORT, INC. (Unknown), DDM LOGISTICS ($27,806.50), LJ EXPRESS TRUCKING COMPANY OF CALIFORNIA, LLC ($17,500.00), CENTURY FINANCE, LLC ($4,000.00), TERRY TRUCKING, INC. ($3,300.00), ZILIAN EXPRESS, INC. ($27,802.00), INTERSTATE CAPITAL ($4,390.00), CROSSWORLD LOGISTICS ($71,622.00), HAULSMART TRANSPORTATION, LLC ($3,785.00), VSV LOGISTICS, INC. ($6,575.00),

COMPLAINT IN INTERPLEADER, WRITTEN CONTRACTUAL INDEMNITY, STATUTORY INDEMNITY, EQUITABLE INDEMNITY, TORT OF ANOTHER, AND DECLARATORY RELIEF

7

GREEN LIGHT TRANSPORTATION, INC. ($13,250.00), FORTUNE 88 TRANSPORTATION ($4,200.00), MBT TRANSPORT, INC. (Unknown), WALNUT HILL TRANSPORT ($3,580.00), L&J TRANSPORTATION COMPANIES, INC. ($7,425.00), MERRELL TRANSPORT ($6,732.00), NORTH AMERICAN CARRIERS ($10,242.00), RAPID RESPONSE ($3,700.00), LUBENOW EXPRESS, LLC ($5,800.00), S.E.S. TRANSPORTATION, LLC ($1,860.00), TRIPLE THREE GROUP, INC. (Unknown), ROADRUNNER TRANSPORTATION ($22,570.00), ROAD LINK EXPRESS ($4,280.00), GLOBAL TRANSPORT LOGISTICS ($5,500.00), OLYMPIC TRANSFER CORPORATION (Unknown), LOGIX TRANSPORTATION ($13,950.00), BLACKJACK EXPRESS, INC. ($4,352.50), JMR TRANSPORT, INC. ($3,480.00), FRED HAINES AND CO., INC. ($1,100.00), SECURITY CREDIT CORPORATION ($17,075.00), LUCKY RIDE ($28,875.00), SAM KOCH & SONS TRUCKING, INC. ($2,900.00), and OWNER OPERATORS INDEPENDENT DRIVERS ASSOCIATION ($650.00).

8.    Great American believes and expects that further claims are forthcoming and that the total of all claims, now and hereinafter submitted under the terms of the Bond will exceed the penal sum of $75,000.00.

9.    Great American seeks herein to pay the total penal sum of the Bond, $75,000.00, into the Court for disbursement as the Court deems proper.

COMPLAINT IN INTERPLEADER, WRITTEN CONTRACTUAL INDEMNITY, STATUTORY INDEMNITY, EQUITABLE INDEMNITY, TORT OF ANOTHER, AND DECLARATORY RELIEF

8

10.     Each of the Defendants herein should be required to submit their claim against the Bond penalty or be forever barred from thereafter making a claim against the bond.

11.     The Indemnitor Defendants, Megatrux, Charles Pelle, and Bryan Pelle should be required to submit any defense to any claim of the Interpleader Defendants or be forever barred from contesting liability under the bond, and/or contesting its liability to Great American under the Indemnity Agreement.

12.     Great American claims an interest in any bond proceeds that may remain after disposition of same.

13.     Plaintiff is informed and believes and thereon alleges that defendants DOES 1 through 10, inclusive, are sued herein under such fictitious names, and that their true names and capacities, whether individual, partnership, corporate or otherwise, are unknown to Plaintiff, and when such information is obtained Plaintiff will seek leave of the court to amend its complaint in interpleader accordingly.  Plaintiff is informed and believes and thereon alleges that each of the defendants sued under fictitious names are responsible in some manner for the events and happenings hereinafter set forth.

## FIRST CAUSE OF ACTION IN INTERPLEADER

### (Against all Defendants Except MEGATRUX, CP, BP and DOES 9-10)

14.   Plaintiff re-alleges paragraphs 1 through 13 above as though fully set forth herein.

15.   Plaintiff is informed and believes that the defendants have claims on the subject bond well in excess of the $75,000.00 bond proceeds.

16.   Plaintiff is depositing concurrently with the filing of this complaint the sum of $75,000.00, which is the total amount of the bond it holds as the surety for MEGATRUX.

17.   Defendants have made conflicting demands upon Plaintiff to the aforesaid money or property for damages allegedly caused by MEGATRUX.

18.   Plaintiff is unable to determine the validity of the conflicting demands made by Defendants as aforesaid and cannot determine to whom said money or property belongs, or whether it belongs to said claimants at all.  Consequently, Plaintiff hereby submits said claims before the Court for a determination as to the validity of said claims and the extent of liability, if any, that Plaintiff could be held responsible for.

19.   Plaintiff claims an interest in the money or property aforesaid to whatever extent that Defendants fail to establish their right to recover said money or property through this interpleader action.

20.   Plaintiff has incurred costs and reasonable attorney's fees in connection with this proceeding in an amount according to proof, and requests an award of same to be deducted from the bond pursuant to California Code of Civil Procedure § 386.6.

WHEREFORE, plaintiff prays for relief as set forth in the prayer below.

## SECOND CAUSE OF ACTION

(Against Defendants MEGATRUX, CP, BP and DOES 9 and 10 only)

(Written Contractual Indemnity)

21.   Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

22.   That on or about October 1, 2013 CP and BP made a written application to plaintiff for the issuance of a transportation bond on behalf of MEGATRUX.   As part of the application, they agreed to become personal indemnitors for the benefit of the plaintiff surety.   Attached as Exhibit A is a copy of the indemnity agreement.

23.   That on or about October 1, 2013, plaintiff duly issued its Bond No. 2410125, which was duly filed with the Federal Motor Carrier Safety Administration on behalf of MEGATRUX.

24.   Plaintiff is entitled to indemnity from each of the defendants, and is entitled to Judgment over and against them jointly and severally for any and all

sums adjudged to be due to the plaintiff, plus a reasonable sum for attorney's fees and costs incurred by plaintiff in the prosecution of this Complaint in Interpleader and pre-judgment interest.  Plaintiff is informed and believes the defendants will not defend and indemnify, and will therefore be in breach of the written indemnity agreement, all to the plaintiff's damage in an amount according to proof.

25.     Plaintiff further demands that each of the defendants on the $75,000.00 remaining on the transportation bond collateralize the bond, including all anticipated expenses for attorney fees, costs, etc., by forwarding the sum of $100,000.00 to attorney John L. Fallat, in trust for plaintiff within 30 days of the service of this Complaint.

26.     The service of this Complaint shall constitute a renewed demand for defense and indemnity against each of the defendants.

WHEREFORE, plaintiff prays for relief as set forth in the prayer below.

### THIRD CAUSE OF ACTION

(Against Defendants MEGATRUX, CP, BP and DOES 9 and 10 only)

(Statutory Indemnity – California Civil Code §2847)

27.     Plaintiff realleges paragraphs 1 through 26 of the as though fully set forth herein.

28.     Plaintiff has a right to statutory indemnity and reimbursement against each of the defendants as expressly set forth in California Civil Code Section 2847.

29.     Plaintiff further demands that each of the defendants collateralize the bond, including all anticipated expenses for attorney fees, costs, etc., by forwarding the sum of $100,000.00 to attorney John L. Fallat, in trust for plaintiff, within 30 days of the service of this Complaint.

WHEREFORE, plaintiff prays for relief as set forth in the prayer below.

## FOURTH CAUSE OF ACTION

(Against Defendants MEGATRUX, CP, BP AND DOES 9 and 10 only)

(Equitable Indemnity)

30.     Plaintiff realleges paragraphs 1 through 29 as though fully set forth at length herein.

31.     The alleged injuries which are the subject of the Complaint have been attributed by plaintiff to the conduct of said defendants, inclusive.

32.     Plaintiff denies liability in any manner whatsoever for the damages claimed by defendants, but if  plaintiff is held liable to the other defendants, it will be because of and as a proximate result of the primary and active negligence or other wrongful conduct of these defendants, and each of them.   Therefore, any liability of plaintiff will be imputed on the basis of a vicarious or secondary

COMPLAINT IN INTERPLEADER, WRITTEN CONTRACTUAL INDEMNITY, STATUTORY INDEMNITY, EQUITABLE INDEMNITY, TORT OF ANOTHER, AND DECLARATORY RELIEF

13

liability and not as a result of any active negligence or other acts on the part of this plaintiff.

33.     An actual controversy has arisen and now exists between plaintiff and defendants, and each of them, regarding their respective rights, duties and obligations, in that plaintiff contends that it is entitled to total indemnity from defendants, and each of them, who upon information and belief deny such duty on their part.

WHEREFORE, plaintiff prays for relief as set forth in the prayer below.

## FIFTH CAUSE OF ACTION

(Against Defendants MEGATRUX, CP, BP AND DOES 9 and 10 only)

(Tort of Another and/or California CCP §1021.6)

34.     Plaintiff realleges paragraphs 1 through 33 as though fully set forth herein.

35.     As a result of the aforementioned conduct of the defendants, and each of them, plaintiff is entitled to reimbursement for all expenses incurred in prosecuting this action, including attorney's fees and costs incurred by the plaintiff, pursuant to the cause of action for the "tort of another" and/or under California C.C.P. §1021.6.

WHEREFORE, plaintiff prays for relief as set forth in the prayer below.

COMPLAINT IN INTERPLEADER, WRITTEN CONTRACTUAL INDEMNITY, STATUTORY INDEMNITY,
EQUITABLE INDEMNITY, TORT OF ANOTHER, AND DECLARATORY RELIEF
14

## SIXTH CAUSE OF ACTION

(Against All Defendants)

(Declaratory Relief)

36.  Plaintiff realleges paragraphs 1 through 35 as though fully set forth at length herein.

37.  An actual controversy has arisen and now exists, between plaintiff and defendants, named in the first cause of action, and between each of them, regarding their respective rights, duties and obligations in that plaintiff contends it is entitled to interplead the bond and receive attorney fees and costs from the interpled funds and a refund of all sums not properly claimed. Plaintiff is further informed and believes that the remaining defendants deny an obligation to defend and indemnify the plaintiff.  In addition, plaintiff may receive original certificates of title from some of the claimants and requests a determination of how they should be distributed.   Therefore, a judicial determination of the rights and liabilities of the respective parties needs to be determined by this Court.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

A.    **FIRST CAUSE OF ACTION:**

1.   That the interpleader defendants named in the First Cause of Action be ordered to interplead and litigate their claims to the

MEGATRUX bond proceeds described in this Complaint;

2.     That any other filed civil proceeding against the bond be stayed pending the outcome of this interpleader;

3.     That plaintiff be discharged from liability to each of said interpleader defendants with respect to said money or property, the bond be exonerated, and that plaintiff retain any portion of the interpled money or property remaining after the claims are resolved;

4.     That plaintiff be awarded costs and reasonable attorney's fees from the interpled funds of $75,000.00 deposited with the Court Clerk as aforesaid pursuant to California Code of Civil Procedure § 386.6; and

5.     For such other and further relief as the Court may deem just.


**B.     SECOND THROUGH FIFTH CAUSES OF ACTION:**

1.     For Judgment against the defendants, and each of them, declaring that they are under a duty to indemnify the plaintiff for the full amount of any Judgment entered against plaintiff herein in an amount according to proof, but not to exceed $100,000.00;

2.    For collateral in the amount of $100,000.00 for the bond of MEGATRUX.

3.    For costs, expenses, and reasonable attorney's fees incurred by plaintiff in prosecution of this Complaint in an amount according to proof, but not to exceed $100,000.00;

4.    For pre-judgment interest; and

5.    For such other and further relief as the Court may deem just.

**C.    SIXTH CAUSE OF ACTION**

1.    For a judicial determination of the rights and liabilities between the plaintiff and defendants.

DATED: 9/2/14

LAW OFFICES OF JOHN L. FALLAT

MARK A. VAUGHN
Attorneys for Plaintiff
GREAT AMERICAN INSURANCE CO.