UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 14-1866 JGB (DTBx)** | Date | January 26, 2015 |
| Title | *Great American Insurance Company, Inc. v. Megatrux, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** ORDER to Show Cause re: Dismissal for Lack of Prosecution (IN CHAMBERS)


     Plaintiff is ORDERED to show cause in writing why this action should not be dismissed for lack of prosecution as against the defendants listed below. See Fed. R. Civ. P. 4(m); Link v. Wabash R. Co., 370 U.S. 626 (1962) (court has inherent power to dismiss for lack of prosecution on its own motion).

- Freight Funding, LLC
- Baxter Bailey & Associates
- Tone Transport Company
- 88 Transportation Inc
- M&A Trailer Repair
- Service Transport Incorporated
- Grand Express Corp
- Midwest Transport and Trucking, Inc
- Corelogic
- Castle Peak Carriers 88
- ESA Transportation
- Firstline Funding Group
- Balkan Express, LLC
- P&A Transportation, Inc
- Doc Transportation
- The DB7 Company, LLC
- Quick King Logistics Corp

- N-Johnny Corp
- Advanced Transportation, Inc
- Aerofund Financial
- MVP Trans, Inc
- Ave Transport, Inc
- DDM Logistics
- LJ Express Trucking Company of California, LLC
- VSV Logistics, Inc
- L&J Transportation Companies, Inc
- Merrell Transport
- North American Carriers
- Lubenow Express, LLC
- S.E.S. Transportation, LLC
- Global Transport Logistics
- Olympic Transfer Corporation
- Blackjack Express, Inc
- Sam Koch & Sons Trucking, Inc
- Owner Operators Independent Drivers Association

Plaintiff filed its Complaint against numerous defendants, including those listed above, on September 5, 2014. (Doc. No. 1.) Federal Rule of Civil Procedure 4(m) thus allowed Plaintiff until January 5, 2015, to complete service on all defendants.[1] There are no proofs of service or executed waivers of service on file with the Court showing that the defendants listed above were served by that date.[2] Plaintiff has thus failed to demonstrate that service was accomplished within 120 days of filing of the Complaint as required by Federal Rule of Civil Procedure 4(m), which provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] Because 120 days expired on Saturday, January 3, 2015, the deadline was extended until Monday, January 5, 2015. See Fed. R. Civ. P. 6(a)(1)(C).

[2] On January 16, 2015, Plaintiff filed proofs of service with respect to Defendants M&A Trailer Repair, 88 Transportation, Inc., and Doc Transportation. (Doc. Nos. 77, 78 & 79.) However, those proofs of service indicate that service was not completed within the 120-day window specified in Rule 4(m).

      Plaintiff can satisfy this order by demonstrating that service was effectuated on each of the defendants listed above within the 120-day deadline — that is, by January 5, 2015 — or by showing "good cause" for Plaintiff's failure to timely serve the Defendants listed above in accordance with Rule 4(m). Plaintiff must respond to this order in writing by **February 5, 2015**. Alternatively, Plaintiff can respond to this order by requesting dismissal of the action against the above-listed Defendants. Failure to adequately respond to this order will be deemed consent to the dismissal of the action without prejudice against the defendants listed above.

      **IT IS SO ORDERED.**